1

2 **UNITED STATES DISTRICT COURT**

3 **FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

4

5

| | |
|---|---|
| 6 **HEALTHY HARVEST BERRIES, INC., a corporation,** | **CASE NO. 1:14-cv-218-LJO-SKO** |
| 7 **Plaintiff,** | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW** |
| 8 **vs.** | **CAUSE RE PRELIMINARY INJUNCTION AGAINST RAFAEL** |
| 9 | **RODRIGUEZ, INDIVIDUALLY** |
| 10 **RAFAEL RODRIGUEZ, individually and doing business as RICHGROVE** | **AND DOING BUSINESS AS RICHGROVE PRODUCE** |
| 11 **PRODUCE; DANDREA PRODUCE, INC., a corporation,** | |
| 12 | |
| 13 **Defendants.** | |

14 **INTRODUCTION**

15

16      Before the Court is Plaintiff's ex parte application for temporary restraining order

17 ("TRO") and for preliminary injunction against Defendants Rafael Rodriguez,

18 individually and doing business as Richgrove Produce ("Richgrove"). Doc. 3. Plaintiff

19 seeks a TRO under the Perishable Agricultural Commodities Act ("PACA").

20 **LEGAL STANDARDS**

21      Under Rule 65(b), a court may issue an ex parte TRO only if: (1) it clearly appears

22 that immediate and irreparable injury, loss, or damage will result to the applicant before

23 the adverse party or that party's attorney can be heard in opposition, and (2) the

24 applicant's attorney certifies to the court in writing the efforts, if any, which have been

25 made to give the notice and the reasons supporting the claim that notice should not be

26 required. Fed. R. Civ. Pro. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130

27

28

(9th Cir. 2006). Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974); *McCord*, 452 F.3d at 1131.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co*., 434 U.S. 1345, 1347 n. 2 (1977). In either case, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008). A party seeking preliminary injunctive relief must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Id*. at 20.

## **FACTUAL BACKGROUND**

Plaintiff, Healthy Harvest Berries, Inc., is a family-owned producer of strawberries based in Royal Oaks, California. Declaration of Humberto Gonzalez, Doc. 7, ¶ 31. In April 2013, Plaintiff began supplying strawberries to Defendant Rodriguez and Richgrove, an entity controlled by Rodriguez, believing that Rodriguez was the point of contact for a larger strawberry distributor, Dandrea Produce, Inc. *Id*. at ¶ 20. Starting in August 2013, Plaintiff's accountants noticed that Defendant's account was overdue. *Id*. at ¶ 21. Specifically, Rodriguez and Richgrove failed to make payment for shipments of strawberries totaling at least $516,038.90. *Id*. at ¶ 9.

In August 2013, Plaintiff's senior sales manager, Humberto Gonzalez, contacted Rodriguez regarding the balance due. *Id*. at ¶ 21. Rodriguez indicated that he had not yet received payment from Dandrea and that he would pay Plaintiff as soon as he received the funds from Dandrea. *Id*. Gonzalez also contacted Frank Dandrea, of Dandrea Produce, who indicated that Dandrea had already paid Rodriguez for the strawberries. *Id*. at ¶¶ 22-23. The parties communicated on several additional occasions in August, with Plaintiff demanding payment from Rodriguez, but Rodriguez failed to pay any of the overdue balance. *Id*. at ¶¶ 24-25. In subsequent months, Plaintiff attempted to contact Rodriguez and left numerous voicemails in an attempt to collect the balance due, but Rodriguez never returned the calls. *Id*. at ¶ 26.

## ANALYSIS

**1.      Likelihood of Success on the Merits.**

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.)*, 958 F.2d 938, 939 (9th Cir.1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*, 947 F.2d 1351, 1352 (9th Cir. 1991). The unpaid supplier loses the benefits of the trust unless he gives written notice of his intent to preserve the benefits of the trust to the produce dealer and files the notice with the United States Department of

Agriculture ("USDA") within the statutorily prescribed time period. 7 U.S.C. § 499e(c)(3).

Plaintiff is a PACA licensee in the business of selling strawberries, which qualify as a "perishable agricultural commodity as defined by PACA. 7 U.S.C. § 499a(4)(A) (defining the term "perishable agricultural commodity" as "Fresh fruits and fresh vegetables of every kind and character"). On more than 20 occasions throughout June, July, and early August 2013, Plaintiff provided to Richgrove invoices for shipments of strawberries, all of which contain the following statement:

> The perishable commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act.... The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

*See* H. Gonzalez Decl. Ex. 2. The Court estimates that, in total, the invoices covered the delivery of more than 120,000 pounds of strawberries. See *id*. Rodriguez/Richgrove qualify as a "dealer" under PACA because they are "engaged in the business of buying or selling in wholesale or jobbing quantities in commerce...." 7 C.F.R. § 46.2 (m); 7 C.F.R. § 46.2(x) ("Wholesale or jobbing quantities ... means aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received.").

Plaintiff preserved its ability to enforce the benefits of PACA through language on the invoices used in its dealings with Richfield. *See* 7 U.S.C. § 499a(b)(6); *see also* 7 U.S.C. § 499e(c)(3) ("The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the

trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made ...."); *JC Produce, Inc. v. Paragon Steakhouse Restaurants, Inc.*, 70 F.Supp.2d 1119, 1122 n. 5 (E.D. Cal. 1999)(concluding that the notice on plaintiff's invoices, which advised that produce was sold pursuant to statutory trust authorized by PACA and were unchallenged by defendant, appeared consistent with PACA's statutory notice requirements).

**2.      Irreparable Harm.**

Plaintiff has also shown that it will suffer irreparable injury in the absence of a TRO. "A showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury." *Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc.*, 2008 WL 1885738 (N.D. Cal. Apr.24, 2008). In this case, Defendant Rodriguez has been unresponsive to Plaintiff's demands for payment and at one point even expressed dismay at "where the money had gone." H. Gonzalez Decl. at ¶ 26. *See Newland N. Am. Foods, Inc. v. H.P. Skolnick, Inc.*, 2013 WL 792672 (N.D. Cal. Mar. 4, 2013) (finding evidence of irreparable injury where defendant was unresponsive to demands for payment and requests to discuss settlement as well as a prior request for a payment extension followed by continued nonpayment).

**3.      Balance of the Harms/Public Interest.**

The record does not indicate that Defendants will suffer any harm if this TRO issues. Moreover, the public interest inquiry is satisfied because PACA was created to

alleviate the,

> burden on commerce in perishable agricultural commodities ... caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person.... This [Act] is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

7 U.S.C. § 499e(c)(1).

**4.      Justificiation for Ex Parte Relief.**

The record contains evidence suggesting that trust assets have already been dissipated. Among other things, Plaintiff's sales manager Humberto Gonzalez indicated in his declaration that Defendant Rodriguez stated he was "confused as to where the money had gone and had lost sleep because of this." H. Gonzalez Decl. at ¶ 24. This coupled with Rodriguez continued failure to communicate with Plaintiff or counsel regarding the status of the trust assets suggests that immediate and irreparable injury, loss, or damage may result to the applicant before the adverse party or that party's attorney can be heard in opposition. Moreover, Plaintiff's attorney has certified to the Court in writing that Defendant Rodriguez has been provided with notice of this ex parte application. Doc. 8, Declaration of Ryan Maughan.

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

For the reasons set forth above and based upon the entire record:

IT IS HEREBY ORDERED that Defendant RAFAEL RODRIGUEZ ("Rodriguez"), individually and doing business as RICHGROVE PRODUCE ("Richgrove") (Rodriguez and Richgrove are collectively referred to herein as "Defendant"), show cause in writing on or before **February 28, 2014**, if any they have,

why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A.      Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B.      Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

C.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendant, its owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $516,038.90, the amount of the PACA Trust principal owing to Plaintiff, plus finance charges accrued through February 18, 2014, in the amount of $36,530.75, plus reasonable attorney's fees in the amount of $13,886.00,  plus filing fees of $400.00, making in all the sum of $566,455.65 due as of the date hereof.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner

1  removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets,

2  including funds on deposit in banking accounts held by or on behalf of Defendants, from

3  Defendants' banking accounts, including but not limited to Defendants' accounts held at

4  Wells Fargo Bank, N.A., including but not limited to account number

5  XXXXXXXXXXX4917, and any other accounts subsequently discovered to be standing

6  in any Defendants' names.

7      IT IS FURTHER ORDERED that pending the hearing and determination of the

8  foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel,

9  agents, or representatives, shall be preliminarily enjoined from engaging in, committing,

10  or performing directly and indirectly, any and all of the following acts:

11      D.      Removing, withdrawing, transferring, assigning or selling to any other

12  person or entity, the proceeds from the sales of any or all existing or future inventories of

13  food or other products derived from perishable agricultural commodities, and/or receipts

14  of payment for products or crops sold prior to the date of this order and/or otherwise

15  disposing of assets, books or funds;

16      E.      Taking any other action whatsoever which causes, has the effect of causing,

17  or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

18      F.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)

19  through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

20      IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to

21  promptly deposit the sums described above, Defendants shall be and hereby are required

22  and ordered to:

23      G.      Immediately account to the Court and Plaintiff for all assets of the PACA

24  trust from commencement of Defendants' business through the date of this Order.

25      H.      Immediately assign Defendants' inventory of perishable agricultural

26  commodities and produce related receivables to Plaintiff for sale and collection until

27  Plaintiffs are fully paid, and deposit and/or deliver complete accounts, records, and

28  information of all of said receivables to Plaintiff's counsel without charge to the trust,

and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard.  Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.      Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above.   Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

J.      File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order.   Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Wells Fargo Bank, N.A. release information about the above-described accounts including the amounts contained in the accounts.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.

IT IS FURTHER ORDERED that Plaintiff shall serve Defendants with copies of this Order and all pleadings and other papers in support of the Order on or before February 21, 2014 by Federal Express with verification of receipt.  Defendants shall file an Opposition, if any, to the Order to Show Cause on or before 5:00 p.m. on February 28, 2014, and shall personally serve Plaintiffs' counsel with a copy of said Opposition by said deadline.  Plaintiffs shall file and serve a Reply to Defendants' Opposition, if any, on or before 5:00 p.m. on March 4, 2014. Thereafter, unless the Court orders otherwise, the matter shall be deemed submitted on the papers and decided without oral argument.

IT IS SO ORDERED.

Dated:   **February 20, 2014**            **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE