UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEALTHY HARVEST BERRIES, INC.,

        Plaintiff,

    v.

RAFAEL RODRIGUEZ, et al.,

        Defendants.

_____/

Case No. 1:14-cv-0218 LJO SKO

ORDER ON DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION

(Doc. 21)

On March 10, 2014, the Court granted Plaintiff Healthy Harvest Berries ("Healthy Harvest Berries" or "Plaintiff") a preliminary injunction in the amount of $209,308.90 and ordered the parties to file a joint preliminary injunction order to that effect by no later than noon on March 13, 2014.  In response, on March 12, 2014, Defendants Rafael Rodriguez ("Mr. Rodriguez") and his business entity Richgrove Produce ("Richgrove") (collectively "Defendants") filed the instant emergency motion for reconsideration.  Defendants argue that the Court should reweigh the evidence presented in connection with the preliminary injunction request; conclude that Plaintiff is not likely to succeed on the merits of his PACA claim; and deny Plaintiff's request for a preliminary injunction.  Alternatively, Defendants request the Court (1) hold a one-hour evidentiary hearing; (2) determine the scope of the preliminary injunction; and (3) set an amount for a security bond.

## I.     LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  Reconsideration is "to be used sparingly in the interest of

1

finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>United States v. Westlands Water District</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  In a similar vein, a motion for reconsideration may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals</u>, 571 F.3d at 880.

## II.   DISCUSSION

### A.   Reconsideration

Defendants argue that the Court, in determining Plaintiff's likelihood of success on the merits, should have afforded more weight to the testimony of Frank Dandrea ("Mr. Dandrea") and less weight to the fact that Mr. Rodriguez did not produce any documentary evidence of a consignment agreement. This is not a proper basis for reconsideration.  First, Defendants' argument amounts to little more than a "disagreement with the Court' [prior] decision." <u>Westlands Water District</u>, 134 F. Supp. 2d at 1131. Second, the Court did not intend to resolve factual disputes or make credibility determinations in its order. <u>See Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson</u>, 799 F.2d 547, 551 (9th Cir. 1986) ("In deciding a motion for preliminary injunction, the district court is not bound to decide doubtful and difficult question of law or disputed questions of fact.") (citation and internal quotation marks omitted).  Rather, by concluding that there were "serious questions" as to the merits of this case, the Court simply determined that Plaintiff had produced sufficient evidence to demonstrate that it had a "fair chance" of prevailing on the merits because there were "substantial [and] doubtful" questions that were "fair ground for litigation" and "for more deliberative investigation." <u>Republic of Philippines v. Marcos</u>, 862 F.2d 1355, 1362 (9th Cir. 1988).  That is all that is required in the Ninth Circuit for a party to satisfy the likelihood of success prong of the preliminary injunction test.  <u>See Alliance for The Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-35 (9th Cir. 2011); <u>see also</u> <u>Marcos</u>, 862 F.2d at 1362. The Court would reach the same conclusion even in light of Defendants' current arguments.

Defendants' singular focus on challenging the merits of this case is simply misguided.  The preliminary injunction was not won based on the overwhelming strength of Plaintiff's case.  Rather, it

was won because the balance of the hardships tipped in Plaintiff's favor.  <u>See</u> <u>Alliance for The Wild Rockies</u>, 632 F.3d at 1135.  As the Court explained in its prior order, Plaintiff established that in the absence of preliminary injunctive relief, it would suffer as much as $566,455.65 in irreparable harm. <u>See</u> <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132, 139 (3d Cir. 2000) ("Once the PACA trust is dissipated, it is almost impossible for the beneficiary to obtain recovery.") (citation omitted).  In the face of this, Defendants simply made a cursory statement that the current temporary restraining order, which was in the amount of $566,455.65, was "choking . . . his business and causing *him* irreparable harm."  (Doc. 14 at 3) (emphasis in original altered).  This passing statement is not a sufficient basis for denying Plaintiff *all* preliminary injunctive relief in light of the harm that Plaintiff established.  This is particularly true since the only other information regarding Defendants' business before the Court was Defendants' *own* assertion that the business earned $115,553.50 in commission *from one client, for work done in less than half a year* (April 2013 to August 2013).

### B.      Evidentiary Hearing

The Court declines Defendants' request for an evidentiary hearing.  The Court does not intend to delve further into hotly disputed facts at this time.  <u>See</u> <u>Int'l Molders' & Allied Workers' Local Union No. 164</u>, 799 F.2d at 551 ("In deciding a motion for preliminary injunction, the district court is not bound to decide doubtful and difficult question of law or disputed questions of fact.") (citation and internal quotation marks omitted).  Any relevant information pertaining to the preliminary injunction should have been introduced while the matter was before the Court.  <u>See</u> <u>Marlyn Nutraceuticals</u>, 571 F.3d at 880 (reconsideration is not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").  And in any event, testimony from Mr. Dandrea would be of no aid to Defendants at this juncture.  Mr. Dandrea does not appear to have any personal knowledge regarding the rate of commission, if any, that Plaintiff agreed it would pay Defendants.  (<u>See</u> <u>generally</u> Doc. 14-2.)  After all, that is the only amount that the Court decided to preserve in its preliminary injunction order.

### C.      Scope of the Preliminary Injunction and the Bond

Defendants raise concerns regarding the scope of the preliminary injunction.  Defendants argue that the preliminary injunction has the potential to destroy the business because the business will not

be able to function if its assets are completely frozen and it is unable to pay future produce-creditors. The damage, according to Defendants, would be irreparable.

Defendants raise legitimate concerns. There is no sense in issuing a preliminary injunction that destroys Defendants' business; this would only thwart Plaintiff's ability to recover if Plaintiff prevails in this action. In this sense, the parties' interests are fully aligned. Accordingly, the parties shall tailor the preliminary injunction so that Defendants may still function as an on-going business while at the same time preserving PACA trust assets. There is no reason why this cannot be accomplished through aggressive accounting and monitoring of trust assets.

Finally, the Court defers making any ruling on the amount of the security bond under Federal Rule of Civil Procedure 65(c) until after the parties file their joint proposed preliminary injunction. As a general matter, however, the greater the potential the preliminary injunction has to harm Defendants' business, the greater the amount of the security bond must be. See Fed. R. Civ. P. 65(c) (stating that the purpose of the security bond is to "pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). Thus, for this reason as well, the parties are encouraged to craft a preliminary injunction that preserves PACA trust assets without impairing Defendants' ability to conduct future business.

## III.   CONCLUSION

For the reasons set forth above, the Court:

1.     DENIES Defendants' emergency request for reconsideration;

2.     DENIES Defendants' emergency request for an evidentiary hearing;

3.     HOLDS IN ABEYANCE its ruling on the amount of the security bond; and

4.     EXTENDS the parties' deadline to file a joint preliminary injunction order by two business days (to noon on March 17, 2014) so that they may file a joint proposed order that is in accord with this order.

IT IS SO ORDERED.

Dated:   **March 12, 2014**                    **/s/ Lawrence J. O'Neill**
                                                            UNITED STATES DISTRICT JUDGE

4