UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHY HARVEST BERRIES, INC., | Case No. 1:14-cv-0218 LJO SKO |
| Plaintiff, | SECOND ORDER ON PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION |
| v. | |
| RAFAEL RODRIGUEZ, et al., | |
| Defendants. | |

On March 10, 2014, the Court granted Plaintiff Healthy Harvest Berries ("Healthy Harvest Berries" or "Plaintiff") a preliminary injunction in the amount of $209,308.90 and ordered the parties to file a joint preliminary injunction order to that effect by no later than noon on March 13, 2014. The Court subsequently extended that deadline to noon on March 18, 2014 because the parties indicated that the additional time would be fruitful. Despite the extension of time, the parties now indicate that they are unable to reach a consensus on the matter. The Court is thus left with the task of determining the terms of the preliminary injunction and the bond requirement.

I. **DISCUSSION**

    A. **Scope of the Preliminary Injunction**

The Court agrees with the substance of the majority of the terms proposed by Plaintiff, such as the restrictions on withdrawing, depositing, or otherwise dissipating trust assets. However, the Court also agrees with Defendants Rafael Rodriguez and Richgrove Produce that the restrictions placed upon

1

them should largely become inoperable once they have deposited the amount due with either the Court registry or with Plaintiff's counsel.  See, e.g., Church Brothers, LLC v. Garden of Eden Produce, LLC, Case No. CV 11-4114, Preliminary Injunction Order (N.D. Cal. Oct. 6, 2011).

### B.    Bond Requirement

In its previous order on this issue, the Court recognized that Plaintiff's case was not ironclad and that there was a real chance that a preliminary injunction would harm Defendants' business since it, under its current terms, would freeze Defendants' business.  For this reason, the Court instructed the parties to tailor a preliminary injunction that minimizes the harm to Defendants' business. (Doc. 22 at 4.) Evidently, the parties have been unsuccessful in this endeavor.  Therefore, as the Court warned in its pervious order, a substantial security bond will be required under Federal Rule of Civil Procedure 65(c) before the preliminary injunction will come into effect.[1]  (Id.)

Plaintiff will be required to post a security bond for $40,000.  This will afford some protection to Defendants' business, which according to Defendants, generated $150,000 in produce income last year.  See Fed. R. Civ. P. 65(c) (indicating that the purpose of a security bond is to "pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained").  Plaintiff will not be required to post the full $150,000 since Defendants readily admit that they owe and are already withholding $93,755.40 from Plaintiff.[2]

## II.    CONCLUSION AND ORDER

In accordance with the above, and for all the reasons set forth in the Court's previous rulings on this issue (see Docs. 20 & 22), the Court ORDERS as follows:

1. Defendants Rafael Rodriguez and Richgrove Produce (herein "Defendants"), their partners, officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24

---

[1] Plaintiff cites several cases where the court did not require the plaintiff to post a bond.  These cases are readily differentiable from this case.  Those cases all involved situations where liability was not contested or at least more likely to be proved than is the case here.

[2] The Court is willing to revisit and modify the bond requirement if the parties, after further efforts, are able to reach an agreement on the terms of a preliminary injunction that avoids damaging Defendants' ability to function as an on-going business.  Alternatively, the Court will waive the bond requirement in its entirety if Plaintiff consents to a preliminary injunction for only $93,755.40.

1–4: hours of this preliminary injunction coming into effect deposit the sum of $209,308.90 in either (a) the registry of the Court or (b) into the trust account of Plaintiff's counsel, Patricia J. Rynn, for the pendency of this litigation and until otherwise ordered by the Court.

2. Pending the deposit of $209,308.90, as required above, Defendants and their counsel, agents, or representatives, shall be preliminary enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

   A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

   B. Transferring, withdrawing or in any other manner removing PACA trust assets including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' accounts held at Wells Fargo Bank, N.A., including but not limited to account number XXXXXXXXXXX4917, and any other accounts subsequently discovered to be standing in Defendants' names;

   C. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets; and

   D. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act].

   Once Defendants deposit $209,308.90, as required above, these provisions shall become inoperative.

3. In the event that Defendants lack sufficient funds to deposit the sum described above, Defendants shall also be required to:

|     |     |     |
| --- | --- | --- |
| 1   | A.  | Immediately account to the Court and Plaintiff for all assets of the PACA trust from January 1, 2010 through the date of this order. |
| 3   | B.  | Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for collection until the deposit describe above is made, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard.  Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.  In Plaintiff's sole discretion, to the extent necessary to prevent loss of Defendants' inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling, Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker.  The proceeds of any such sales shall be held in trust by Plaintiff's counsel pending further order of this court.  Any broker retained by Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry. |
| 20  | C.  | Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this order, or which Defendants obtains or which become obtainable by Defendants after the entry of this order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above.  Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become |

4

        obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

4. During the pendency of this action, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours' notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

5. The preliminary injunction set forth above will not take effect until Plaintiff posts a bond with the Clerk of the Court in the sum of $40,000. Alternatively, the bond requirement is waived in its entirely if Plaintiff files and serves notice to Defendants and the Court that it consents to a preliminary injunction for $93,755.40. In that case, the terms set forth above will go into effect immediately as provided, except Defendants will only be required to deposit $93,755.40, as opposed to the $209,308.90 currently required.

6. Defendants are permitted expedited discovery, limited to the issue of whether Plaintiff failed to preserve its PACA trust rights by sending its invoices in an untimely fashion.

IT IS SO ORDERED.

Dated: **March 19, 2014**     **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE