UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHY HARVEST BERRIES, INC., | Case No. 1:14-cv-0218 LJO SKO |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION (Doc. 32) |
| v. | |
| RAFAEL RODRIGUEZ, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This case concerns a dispute over the payment for the shipment of strawberries. Healthy Harvest Berries, Inc. ("Plaintiff") grows strawberries and contracted with defendant Rafael Rodriguez d/b/a Richgrove Produce ("Mr. Rodriguez") for 21 shipments of its strawberries from California to New Jersey. Defendant Dandrea Produce, Inc. ("Dandrea") agreed to handle the strawberries for Mr. Rodriguez on a consignment basis. Plaintiff brought suit against Defendants, alleging that they have failed to pay the full agreed upon amount for the strawberries. Plaintiff alleges four causes of action against Dandrea for unjust enrichment, declaratory relief, fraudulent inducement, and constructive trust and accounting due to breach of fiduciary duty.

Before the court is a motion for summary judgment Defendant Dandrea filed on April 11, 2014. Doc. 32. Dandrea asserts all four of Plaintiff's causes of action fail as a matter of law. For the reasons discussed below, the Court DENIES Dandrea's motion for summary judgment.

## II.   BACKGROUND[1]

In October 2012, the parties attended the Produce Marketing Association convention ("the convention") in Anaheim, California. Prior to the convention, Mr. Rodriguez told Frank Dandrea ("Mr. Dandrea"), the owner of Dandrea, that he wanted to introduce Mr. Dandrea to Humberto Gonzales ("Mr. Gonzales"), one of Plaintiff's employees.

At the convention, Mr. Rodriguez introduced Mr. Gonzales to Mr. Dandrea at Mr. Dandrea's produce booth. Mr. Gonzales speaks primarily Spanish and only limited English and Mr. Dandrea only speaks English, so Mr. Rodriguez acted as a translator for the parties. The parties discussed the possibility of Plaintiff supplying strawberries to Dandrea. Mr. Dandrea asserts, and Plaintiff disputes, that he told Mr. Gonzales that he would be interested in handling the strawberries on a consignment basis for a 10% commission as long as they were shipped in containers with a "Dandrea Produce" label.

The parties dispute other aspects of the conversation. Plaintiff asserts, and Dandrea disputes, that during the conversation Mr. Dandrea stated to Mr. Gonzales that: Mr. Rodriguez was a Dandrea employee; "[Mr.] Rodriguez is my man in California"; Mr. Rodriguez was authorized to enter into any agreements on behalf of Dandrea; Dandrea would be responsible to pay Plaintiff for strawberries it supplied to Mr. Rodriguez; Dandrea would guarantee payment for Mr. Rodriguez's debts to Plaintiff. Plaintiff admits that Dandrea did not use the exact words "employ, agent, responsible, authorized, or guarantee," or state exactly that Mr. Rodriguez was a part of Dandrea. Plaintiff claims, however, that Mr. Dandrea made statements and representations to the effect of these assertions. Furthermore, Plaintiff claims, and Dandrea disputes, that Mr. Rodriguez was wearing a Dandrea Produce t-shirt.

Mr. Dandrea claims that Mr. Rodriguez has never had an ownership interest or control in Dandrea and has never been a Dandrea employee or representative. Plaintiff denies these assertions due to a lack of knowledge about them.

At some point in early 2013, Mr. Rodriguez called Mr. Dandrea. The parties dispute some

---

[1] The following facts are undisputed unless otherwise indicated.

aspects of what what was said during the conversation. The parties agree that Mr. Rodriguez told Mr. Dandrea that Mr. Gonzales wanted do business directly with Mr. Rodriguez because he was California-based and spoke Spanish, but the parties dispute whether Mr. Dandrea said "Rafael Rodriguez is my man in California." Dandrea asserts, and Plaintiff disputes, that Mr. Rodriguez and Mr. Dandrea agreed to do business directly with Dandrea by consigning Plaintiff's strawberries to Dandrea.

In April 2013, Plaintiff began supplying strawberries to Mr. Rodriguez, believing that he was the point of contact for Dandrea, a larger strawberry distributor. Doc. 7, ¶ 20. Plaintiff maintains it sent 78 shipments to Dandrea, who maintains it received only 72. Dandrea claims it paid Mr. Rodriguez $289,366.56 for the shipments whereas Plaintiff asserts Dandrea paid only $272,986.50.

The parties do not dispute that the shipments were confirmed by 21 invoices. The parties also do not dispute that Dandrea did not receive any of the invoices because they were sent directly to Mr. Rodriguez and they do not reference Dandrea. The parties agree that each invoice read:

> Bill To:
> Richgrove Produce
> P.O. Box. 758
> Richgrove, CA 93261

Dandrea asserts that it did not agree to the prices in the invoices. Plaintiff admits that Dandrea did not specifically agree to pay for the shipments referenced in the invoices and did not agree to do so in writing. However, Plaintiff asserts, and Dandrea disputes, that Dandrea effectively agreed to pay the prices contained in the invoices through Mr. Dandrea's representations made to Mr. Gonzales.

Dandrea asserts it agreed with Mr. Rodriguez that it would handle the shipments on a consignment basis, that Mr. Rodriguez alone was responsible for paying Plaintiff, and that Dandrea paid Mr. Rodriguez in full for the shipments ($289,366.56). Plaintiff disputes these facts due to a lack of knowledge about them, but admits Mr. Rodriguez acknowledges that Dandrea paid him in full. Defendant asserts that the parties' usual course of dealing prior to this dispute was that Dandrea paid Mr. Rodriguez for Plaintiff's strawberries and Mr. Rodriguez paid Plaintiff. Plaintiff admits that its payments were sent to Mr. Rodriguez but maintains that it was unaware that those payments did not represent payments from Dandrea for Plaintiff's shipments to Dandrea.

3

In August, Mr. Rodriguez and Mr. Gonzales had a dispute over the invoiced strawberry shipments. Mr. Rodriguez agreed that he owed Plaintiff money, but he claimed he was entitled to a commission. Mr. Dandrea unsuccessfully attempted to mediate the dispute.

Because of the dispute, Mr. Dandrea and Plaintiff agreed to do business directly for the remainder of the season. In the following weeks, Dandrea purchased four shipments from Plaintiff. Plaintiff invoiced Dandrea for the shipments and Dandrea directly paid Plaintiff in full.

### III. STANDARD OF DECISION

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a

jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in the original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; s*ee also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

### IV. DISCUSSION

This case boils down to a disagreement among the parties over whether Dandrea is liable for Mr. Rodriguez's failure to pay Plaintiff a disputed amount of money. Simply put, the parties' dispute—and Plaintiff's resultant causes of action against Dandrea—hinges on whether Mr. Rodriguez acted as Dandrea's agent in his dealings with Plaintiff.

Plaintiff claims that, during the parties' discussions at the convention, Mr. Dandrea held himself out in such a way that Plaintiff reasonably believed Mr. Rodriguez was his (Mr. Dandrea's) agent and possessed the authority to contract with Plaintiff on Dandrea's behalf. *See* Doc. 1, ¶ 75; Doc. 33 at 8-9. Plaintiff asserts that when it entered into an agreement with Mr. Rodriguez (which it indisputably did), Plaintiff believed that it had also entered into an agreement with Dandrea in that Mr. Rodriguez was Dandrea's agent. Whether an agency relationship exists is generally an issue of fact. *See Pacific MDF Prods., Inc. v. Bio-Mass Energy Concepts, LLC*, No. Civ. S-05-642 LKK/JFM, 2006 WL 3359211, at *6 (E.D. Cal. Nov. 20, 2006) (citing L. *Byron Culver & Assocs. v. Jauodi Industrial*

& *Trading Corp.*, 1 Cal. App. 4th 300, 305 (1991) ("The existence of an agency is a factual question within the province of the trier of fact."); *Pistone v. Superior Court*, 228 Cal. App. 3d 672 (1991) ( "The existence or absence of agency ordinarily poses a question of fact. Unless the evidence permits only one inference, the question is one for the trier of fact.")).

### A. Unjust Enrichment

"There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006). Accordingly, the Court will treat Plaintiff's claim for unjust enrichment as a prayer for restitution for Plaintiff's other claims.

### B. Fraudulent Inducement

Plaintiff asserts it was fraudulently induced into a contract with Dandrea through Mr. Rodriguez. Plaintiff claims this occurred, in part, because it believed Mr. Rodriguez was Dandrea's agent or employee. Whether Mr. Rodriguez was, in fact, Dandrea's agent is an issue of fact, which makes summary judgment inappropriate. *L. Byron Culver & Assocs.*, 1 Cal. App. 4th at 305.

### C. Declaratory Relief

In its claim for declaratory relief, Plaintiff requests a declaratory judgment establishing that, among other things, Dandrea is required under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., to establish a trust claim on its behalf as an unpaid supplier of strawberries. The parties do not dispute that under PACA purchasers of a perishable product, such as strawberries, hold the product in trust for the benefit of the supplier. *See* 7 U.S.C. § 499e. Dandrea argues, however, that Plaintiff was not an unpaid supplier under PACA because it did not sell the strawberries to Dandrea. Dandrea further asserts that Plaintiff failed to comply with PACA's requirement that an unpaid seller must notify a purchaser of its intent to preserve a PACA trust over the products. *See* 7 U.S.C. § 499e(c)(2)-(3). Dandrea claims Plaintiff never gave such notice because it failed to identify Dandrea as the purchaser and did not provide Dandrea with a notice of intent to preserve the PACA trust benefits.

Plaintiff's counterargument is that Dandrea was the purchaser of Plaintiff's strawberries in that Mr. Rodriguez (who indisputably purchased strawberries from Plaintiff) was Dandrea's agent and

purchased them for Dandrea's benefit. Plaintiff asserts that further discovery is necessary to determine the nature of the relationship between Mr. Rodriguez and Dandrea. According to Plaintiff, its preservation of its PACA trust benefits to Mr. Rodriguez via the invoices could be sufficient to preserve the benefits as to Dandrea. Plaintiff therefore argues that genuine issues of material fact exist as to the extent to which Dandrea exerted control over the trust and the trust proceeds.

Like Plaintiff's claim for fraudulent inducement, the resolution of its claim for declaratory relief necessarily requires a determination of the relationship between Mr. Rodriguez and Dandrea. Plaintiff's claim for declaratory relief is premised on its argument that it believed Mr. Rodriguez was Dandrea's agent due to the parties' discussion at the convention. As noted, that is a question of fact, which makes summary judgment inappropriate. *L. Byron Culver & Assocs.*, 1 Cal. App. 4th at 305.

**D.  Constructive Trust and Accounting Due to Breach of Duty**

Dandrea asserts it is entitled to summary judgment on Plaintiff's cause of action for constructive trust and accounting due to breach of fiduciary duty because Plaintiff does not allege which fiduciary duties were owed or how they were breached. Plaintiff asserts that Dandrea owed it "a range of duties . . . based on its integral role . . . and the purported partnership with [Plaintiff]." Doc. 33 at 10. According to Plaintiff, the duty Dandrea owed to Plaintiff would require a determination of the "true nature of the relationship between [Plainitff] . . . and Dandrea."

As discussed above, the natures of the relationships between Plaintiff, Mr. Rodriguez, and Dandrea are issues of fact. Accordingly, summary judgment is inappropriate. *L. Byron Culver & Assocs.*, 1 Cal. App. 4th at 305.

V.  **CONCLUSION**

For the foregoing reasons, the Court DENIES Dandrea's motion for summary judgment.

IT IS SO ORDERED.

Dated:  **May 6, 2014**              /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

7